# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
12/31/2020
CT Log Number 538825618

TO:     Debra David, Paralegal
        The TJX Companies, Inc.
        770 Cochituate Rd
        Framingham, MA 01701-4666

RE:     **Process Served in California**

FOR:    Marshalls of MA, Inc.  (Domestic State: MA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ROBERT LACOUR, etc., Pltf. vs. MARSHALLS OF CA, LLC., etc., et al., Dfts. // To: Marshalls of MA Inc<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # RG20083534 |
| **NATURE OF ACTION:** | Code Violation / Code Enforcement |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/31/2020 at 13:43 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/31/2020, Expected Purge Date: 01/05/2021<br><br>Image SOP<br><br>Email Notification, Debra David  debra_david@tjx.com<br><br>Email Notification, James Evans  james_evans@tjx.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**              Thu, Dec 31, 2020

**Server Name:**       George Todd

Entity Served          MARSHALLS OF MA, INC.

Agent Name             C T CORPORATION SYSTEM

Case Number            RG20083534

Jurisdiction           CA



To: 15102671547              Page: 23 of 24          2020-12-22 16:19:16 GMT                    From: Shaun Setareh

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROBERT LACOUR, an individual,

| FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|
| **FILED BY FAX**<br>ALAMEDA COUNTY<br>December 22, 2020<br>CLERK OF<br>THE SUPERIOR COURT<br>By Keisha Ghee, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | CASE NUMBER:<br>*(Número del caso):*<br>**RG20083534** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, 9665 Wilshire, Blvd., Ste 430, Beverly Hills, CA 90212 (310)888-7771

| DATE:<br>*(Fecha)* December 22, 2020 | Clerk, by *Keisha Ghee digital* | , Deputy |
|---|---|---|
| | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* *Marshalls of MA Inc*
under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Accepted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

SUM-200(A)

| | |
|---|---|
| SHORT TITLE:<br>ROBERT LACOUR v. MARSHALLS OF CA, LLC, et al., | CASE NUMBER: |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

MARSHALLS OF CA, LLC, a Virginia limited liability corporation; MARSHALLS OF MA, INC., a Massachusetts corporation; THE TJX COMPANIES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

Page   1   of   1

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**FILED BY FAX**
ALAMEDA COUNTY

December 22, 2020

CLERK OF
THE SUPERIOR COURT
By Keisha Ghee, Deputy

CASE NUMBER:

**RG20083534**

1  Shaun Setareh (SBN 204514)
   shaun@setarehlaw.com
2  Thomas Segal (SBN 222791)
   thomas@setarehlaw.com
3  Farrah Grant (SBN 293898)
   farrah@setarehlaw.com
4  SETAREH LAW GROUP
   9665 Wilshire Blvd., Suite 430
5  Beverly Hills, California 90212
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff
   ROBERT LACOUR

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   FOR THE COUNTY OF ALAMEDA

11                        UNLIMITED JURISDICTION

12

13  ROBERT LACOUR, an individual,          Case No.

14          *Plaintiff,*                    **COMPLAINT**

15      vs.                                 1. Intentional Infliction of Emotional Distress;
                                            2. Retaliation (Cal. Gov. Code §12940(h));
16  MARSHALLS OF CA, LLC, a Virginia        3. Discrimination (Cal. Gov. Code §12940(a);
    limited liability corporation; MARSHALLS   4. Wrongful Termination in Violation of
17  OF MA, INC., a Massachusetts corporation;      Public Policy;
    THE TJX COMPANIES, INC., a Delaware     5. Unfair Business Practices (Cal. Bus. & Prof.
18  corporation; and DOES 1 through 50,         Code § 17200);
    inclusive,
19                                          **JURY TRIAL DEMANDED**
        *Defendants.*
20

21

22

23

24

25

26

27

28

                        COMPLAINT

COMES NOW, Plaintiff ROBERT LACOUR ("Plaintiff") complains and alleges as follows:

## PARTIES

1.    Plaintiff ROBERT LACOUR is, and at all relevant times mentioned herein, an individual residing in the State of California.

2.    Plaintiff is informed and believes, and thereupon alleges that Defendant MARSHALLS OF CA, LLC is, and at all relevant times mentioned herein was, a Virginia limited liability company doing business in the State of California.

3.    Plaintiff is informed and believes, and thereupon alleges that Defendant MARSHALLS OF MA, INC. is, and at all relevant times mentioned herein was, a Massachusetts corporation doing business in the State of California.

4.    Plaintiff is informed and believes, and thereupon alleges that Defendant TJX COMPANIES, INC. is, and at all relevant times mentioned herein was, a Delaware corporation doing business in the State of California.

5.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, but is informed and believes that these defendants are legally responsible for the conduct alleged in this and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the DOE defendants when ascertained.

6.    Plaintiff is informed and believes that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent in this complaint, and the acts of each defendant are legally attributable to each of the other defendants.

## JURISDICTON AND VENUE

7.    This Court has subject matter jurisdiction to hear this case because the monetary damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal jurisdiction of the Superior Court of the State of California.

8.    Venue is proper in the County of Alameda because Defendant THE TJX COMPANIES, INC. is incorporated under the laws of Delaware, does business in Alameda County,

1
COMPLAINT

1   and has surrendered its registration of a California place of business with the California Secretary of

2   State. As such, venue is proper in any county in California.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

4        9.     Prior to the initiation of this lawsuit, Plaintiff filed a complaint against each named

5   defendant with the California Department of Fair Employment and Housing (DFEH) pursuant to

6   California Government Code section 12900, et seq., alleging the claims described in this complaint.

7   On November 30, 2020, the DFEH issued a "right to sue" letter. A true and correct copy of the

8   administrative complaint and the "right to sue" letter is attached as Exhibit A. All conditions

9   precedent to the institution of this lawsuit have been fulfilled. This action is filed within one year of

10   the date that the DFEH issued its right to sue letter.

**FACTUAL ALLEGATIONS**

12       10.     Plaintiff was hired by Defendants to work in their store in Clovis, California in or

13   around July 2009. Plaintiff worked for Defendants without issue.

14       11.     Plaintiff was promoted to the position of "shoe coordinator" in or around 2014.

15       12.     Soon after he was promoted to "shoe coordinator," he was promised a $1.00 wage

16   increase, to which he notified management, and to which he earned the wage increase for a couple

17   of years.

18       13.     Upon information and belief, at some point in 2016 Plaintiff was called in to speak

19   with management, who informed him that the store was going to be eliminating his position as

20   "shoe coordinator," but that he would keep his wage increase.

21       14.     Upon information and belief, about one week later Plaintiff was informed by another

22   member of management that he could keep his $1.00 wage increase if he worked in the women's

23   department, which men were prohibited from doing, or continue to work in the men's department

24   and continue his role but not receive the $1.00 wage increase he was promised.

25       15.     Plaintiff spoke directly with a district manager about this discrepancy while she was

26   visiting the store under an "open door policy," and Plaintiff was allowed to keep the wage increase.

27       16.     Soon after Plaintiff reported the wage discrepancy, his environment at work became

28   increasingly hostile.

2
COMPLAINT

1      17.    The assistant store manager would reprimand Plaintiff for "asking too many

2  questions" when he was simply attempting to do his job well.

3      18.    On one occasion, Plaintiff reported to management over his walkie-talkie that he was

4  about to go on his lunch. However, management insisted that he perform work-related obligations,

5  which resulted in him not taking his lunch before the fifth hour as required by law.

6      19.    When he came back from lunch, there was a write-up for not clocking out for his

7  meal period, and his office manager was upset that he did not take his lunch despite being told to

8  finish a task.

9      20.    The office manager followed him to yell at him for refusing to sign the write-up.

10     21.    The next day, Plaintiff was called in by the store manager, who again asked him to

11  sign the write-up. Plaintiff refused and was told that the write-up is not being dismissed.

12     22.    In addition, "loss prevention" was told to follow him everywhere in the store,

13  including the restroom, which made Plaintiff feel like a criminal.

14     23.    The head of loss prevention would make inappropriate comments, asking Plaintiff if

15  he was going to "grow out his cornrows" and other demeaning racial comments.

16     24.    In or around late 2018, Plaintiff requested a leave of absence for "personal reasons."

17     25.    Plaintiff took a six-month leave of absence as a result of the stress and anxiety he

18  experienced at work.

19     26.    After his six-month leave, HR informed Plaintiff that he would be returning to work

20  on a particular date.

21     27.    When the time came for Plaintiff to return to work, he was told he needed to actually

22  call two weeks in advance of his return date to be put on the schedule.

23     28.    Plaintiff told HR he was informed to go back on that date, but instead of bringing

24  him back full-time as agreed, he was brought back to be an "on call" employee.

25     29.    HR told Plaintiff they would "pencil him in" to come back to work, even though he

26  was coming back on the day he was previously told to come back.

27     30.    Upon his return, Plaintiff did not receive any help in his department. Stock was

28  piling up, and when Plaintiff would ask for help, they refused to provide him any employees to help

1 | him.

2 |     31.     Plaintiff had to take two buses to get to work, and would inform his managers when
3 | he was going to be late due to the bus schedule.

4 |     32.     His managers would constantly tell him if he was running late due to the bus
5 | schedule that it was not a problem, but they were still giving him numerous write-ups.

6 |     33.     Plaintiff started receiving write-ups for issues such as attendance, and was constantly
7 | being written up for arbitrary and unfounded reasons.

8 |     34.     Plaintiff was terminated in or around May 2019, and was told it was for having "too
9 | many write-ups."

10 | **FIRST CAUSE OF ACTION**

11 | **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

12 | **(Against All Defendants)**

13 |     35.     Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged
14 | herein.

15 |     36.     The conduct of Defendants' management employees as set forth above was so
16 | extreme and outrageous that it exceeded the boundaries of human decency and was beyond the
17 | conduct tolerated in a civilized society. This conduct was intended to cause severe emotional
18 | distress or was done in reckless disregard of the probability of causing severe emotional distress.

19 |     37.     As an actual and proximate result of Defendants' wrongful conduct, Plaintiff has
20 | suffered and continues to suffer severe and continuous humiliation, emotional distress and physical
21 | and mental pain and anguish, all to his damage in an amount according to proof at trial.

22 |     34.     The Defendants committed the acts alleged herein maliciously, fraudulently and
23 | oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil
24 | motive amounting to malice and in conscious disregard of Plaintiff's rights. Because the acts taken
25 | toward Plaintiff were carried out by Defendants acting in a deliberate, cold, callous and intentional
26 | manner in order to injure and damage Plaintiff, he is entitled to recover punitive damages from
27 | Defendants in an amount according to proof.

28 | ///

**SECOND CAUSE OF ACTION**

**RETALIATION**

**(Cal. Gov't Code § 12940(h))**

**(Against All Defendants)**

35.     Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged herein.

36.     At all times mentioned herein, the California Fair Employment and Housing Act (FEHA) (Cal. Gov't Code § 12900, *et seq.*) was in full force and effect and fully binding upon Defendants.  Specifically, section 12940(h) makes it an unlawful employment practice for an employer to discriminate against any person because the person has opposed any practices forbidden under this part.

37.     Plaintiff opposed the wage violation and reported it to management.  In response to his complaints, Defendants terminated the employment of Plaintiff.

38.     As a direct, foreseeable and proximate result of Defendants' unlawful actions, Plaintiff has suffered substantial emotional distress, humiliation, shame and embarrassment, all to the Plaintiff's damage and in an amount to be proven at trial.

39.     Defendants committed the acts herein despicably, maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

**THIRD CAUSE OF ACTION**

**DISCRIMINATION**

**(Cal. Gov't Code § 12940(a))**

**(Against All Defendants)**

40.     Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged herein.

41.     At all times mentioned herein, the California Fair Employment and Housing Act

1   (FEHA) (Cal. Gov't Code § 12900, *et seq*.) was in full force and effect and fully binding upon

2   Defendants.  Specifically, section 12940(a) makes it an unlawful employment practice for an

3   employer to discriminate against any person on the basis of their actual or perceived race.

4       42.   Plaintiff is of Mexican descent, and as stated above loss prevention officers would

5   make discriminatory racially charged comments to Plaintiff.

6       43.   As a direct, foreseeable, and proximate result of Defendants' unlawful actions,

7   Plaintiff has suffered substantial emotional distress, humiliation, shame and embarrassment, all to

8   the Plaintiff's damage and in an amount to be proven at trial.

9       44.   Defendants committed the acts herein despicably, maliciously, fraudulently and

10  oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive

11  amounting to malice, and in conscious disregard of the rights and safety of Plaintiff and others.

12  Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to

13  proof.

14  **FOURTH CAUSE OF ACTION**

15  **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

16  **(Against All Defendants)**

17      45.   Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged

18  herein.

19      46.   Defendants terminated Plaintiff's employment in violation of important and well-

20  established public policies, as set forth in various state statutes and Constitutional provisions

21  including but not limited to FEHA and Article I, section 8 of the California Constitution.

22      47.   As a proximate result of the conduct of Defendants, Plaintiff suffered and will

23  continue to suffer damages in terms of lost wages, lost bonuses, lost benefits and other pecuniary

24  loss according to proof.  Plaintiff has also suffered and will continue to suffer physical and

25  emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright,

26  shock, pain, discomfort, fatigue and anxiety.  The amount of Plaintiff's damages will be ascertained

27  at trial.

28      48.   In committing the foregoing acts, Defendants have been guilty of oppression, fraud

1 | and/or malice under California Civil Code section 3294, thereby entitling Plaintiff to punitive

2 | damages in a sum appropriate to punish and make an example out of Defendants.

3 |      49.    The acts of oppression, fraud and/or malice were engaged in by employees of

4 | Defendants.  Defendants had advance knowledge of the unfitness of each employee who acted with

5 | oppression, fraud and/or malice, and/or authorized or ratified the wrongful conduct for which an

6 | award of punitive damages is sought, and/or was personally guilty of oppressions, fraud and/or

7 | malice.  The advance knowledge and conscious disregard, authorization, ratification or act of

8 | oppression, fraud and/or malice was committed by or on part of an officer, director or managing

9 | agent of Defendants, thereby entitling Plaintiff to punitive and exemplary damages against

10 | Defendants in accordance with California Civil Code section 3294 in a sum appropriate to punish

11 | and make an example of Defendants.

12 |      50.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

13 | this Court.

14 | **FIFTH CAUSE OF ACTION**

15 | **UNFAIR BUSINESS PRACTICES**

16 | **(Cal. Bus. & Prof. Code § 17200-17208)**

17 | **(Against All Defendants)**

18 |      51.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

19 | herein.

20 |      52.    The foregoing conduct as alleged in this complaint violates the California Unfair

21 | Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200 *et seq.*).  Section 17200 prohibits

22 | unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

23 |      53.    Throughout the course of Plaintiff's employment, Defendants committed acts of

24 | unfair competition, as defined by the UCL, by among other things, engaging in the acts and

25 | practices described in this complaint, including but not limited to, retaliating against him for

26 | complaining about wage violations.  Defendants' conduct as alleged herein has damaged Plaintiff

27 | by wrongfully denying him earned wages and equity, and therefore was substantially injurious to

28 | the Plaintiff.

54.     Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

55.     Plaintiff seeks disgorgement in the amount of the respective unpaid wages and equity and such other legal and equitable relief from Defendants unlawful and willful conduct as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against Defendants as follows:

(1) For compensatory damages, including but not limited to, lost back pay, plus interest, lost fringe benefits and future lost earnings and fringe benefits, lost equity, damages for emotional distress and pain and suffering, according to proof;

(2) For general and special damages to compensate Plaintiff for any medical expenses and suffering;

(3) For punitive damages, as allowed by law, that will sufficiently punish, make an example of, and deter future conduct by Defendants;

(4) For restitution and/or disgorgement;

(5) For an award of costs of suit and reasonable attorneys' fees;

(6) For an award of prejudgment and post judgment interest;

(7) For such other and further relief as the Court deems just and proper.

///
///
///
///
///
///
///
///

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

Dated:  December 21, 2020          SETAREH LAW GROUP

SHAUN SETAREH
THOMAS SEGAL
FARRAH GRANT
Attorneys for Plaintiff
ROBERT LACOUR

# EXHIBIT "A"



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                          GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

November 30, 2020

Shaun Setareh
9665 Wilshire Boulevard, Suite 430
Beverly Hills, California 90212

RE:    **Notice to Complainant's Attorney**
       DFEH Matter Number: 202011-11936730
       Right to Sue: LaCour / Marshalls of CA, LLC et al.

Dear Shaun Setareh:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

November 30, 2020

RE:  **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202011-11936730
Right to Sue: LaCour / Marshalls of CA, LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

November 30, 2020

Robert LaCour
Contact through representative

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202011-11936730
      Right to Sue: LaCour / Marshalls of CA, LLC et al.

Dear Robert LaCour:

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
November 30, 2020 because an immediate Right to Sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Robert LaCour                                                    DFEH No. 202011-11936730

Complainant,

vs.

Marshalls of CA, LLC
818 West Seventh Street, Suite 930
Los Angeles, California 90017

Marshalls of MA, Inc.
818 West Seventh Street, Suite 930
Los Angeles, California 90017

TJX Companies, Inc.
818 West Seventh Street, Suite 930
Los Angeles, California 90017

Respondents

───────────────────────────────────────────

1. Respondent **Marshalls of CA, LLC** is an **employer Marshalls of CA, LLC** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Marshalls of MA, Inc.** as individual Co-Respondent(s).

Complainant is naming **TJX Companies, Inc.** as individual Co-Respondent(s).

3. Complainant **Robert LaCour**, resides in the City of , State of .

4. Complainant alleges that on or about **May 31, 2019**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's race and as a result of the discrimination was terminated, denied any employment benefit or privilege.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated, denied any employment benefit or privilege.

-1-

Date Filed: November 30, 2020

**Additional Complaint Details:** Complainant was retaliated against and ultimately terminated by management for reporting a wage discrepancy, and was discriminated against in his treatment by his employers on the basis of his race.

-2-
*Complaint – DFEH No. 202011-11936730*

Date Filed: November 30, 2020

1  VERIFICATION

2  I, **Nolan Dilts**, am the **Attorney** in the above-entitled complaint.   I have read the
3  foregoing complaint and know the contents thereof.   The matters alleged are based
   on information and belief, which I believe to be true.

4

5  On November 30, 2020, I declare under penalty of perjury under the laws of the State
   of California that the foregoing is true and correct.

6                                                              **Beverly Hills, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                        -3-
27                         *Complaint – DFEH No. 202011-11936730*

28  Date Filed: November 30, 2020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh (SBN 204514); Thomas Segal (SBN 222791)<br>Setareh Law Group<br>9665 Wilshire Blvd., Suite 430, Beverly Hills, CA 90212<br><br>TELEPHONE NO.: (310) 888-7771   FAX NO. *(Optional)*: (310) 888-0109<br>ATTORNEY FOR *(Name)*: Plaintiff Robert LaCour | **FILED BY FAX**<br>ALAMEDA COUNTY<br><br>December 22, 2020<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Keisha Ghee, Deputy<br><br>CASE NUMBER:<br>**RG20083534** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
LACOUR v. MARSHALLS OF CA, LLC, et al.,

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [x] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
       issues that will be time-consuming to resolve       courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence       court
                                                           f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: Five (5)
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 21, 2020

Shaun Setareh
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California                  **CIVIL CASE COVER SHEET**          Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
                                                                                    Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**For your protection and privacy, please press the Clear**

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: LACOUR v. MARSHALLS OF CA, LLC, et al., | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)
[ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case?  [ ] yes  [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [X] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial  **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential  **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs  **[ ] Yes  [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes  [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

# EXHIBIT B

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Shaun Setareh (SBN 204514) David Keledjian (SBN 309135)<br>— Setareh Law Group<br>9665 Wilshire Blvd., Suite 430<br>Beverly Hills, CA 90212<br>    TELEPHONE NO.: 310-888-7771     FAX NO. *(Optional):* 310-888-0109<br>E-MAIL ADDRESS *(Optional):*<br>    ATTORNEY FOR *(Name):* Plaintiff; ROBERT LACOUR | **FILED BY FAX**<br>ALAMEDA COUNTY<br><br>January 05, 2021<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Nicole Hall, Deputy |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>  STREET ADDRESS: 1225 Fallon Street<br>  MAILING ADDRESS:<br>  CITY AND ZIP CODE: Oakland, CA 94612<br>  BRANCH NAME: Rene C. Davidson Courthouse | CASE NUMBER:<br>**RG20083534** |
| PLAINTIFF/PETITIONER: ROBERT LACOUR<br><br>DEFENDANT/RESPONDENT: MARSHALLS OF CA, LLC, et al | CASE NUMBER:<br><br>RG20083534 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

    a. [✓] summons

    b. [✓] complaint

    c. [ ] Alternative Dispute Resolution (ADR) package

    d. [✓] Civil Case Cover Sheet *(served in complex cases only)*

    e. [ ] cross-complaint

    f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
    MARSHALLS OF CA, LLC, a Virginia limited liability corporation

    b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
    Daisy Montenegro, Authorized To Accept Service Of Process

4. Address where the party was served:
    C.T. Corporation Systems, 818 W. 7th Street, #930. Los Angeles, CA 90017

5. I served the party *(check proper box)*

    a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 12/31/2020     (2) at *(time):* 11:45am

    b. [ ] **by substituted service.** On *(date):*     at *(time):*     I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or [ ] a declaration of mailing is attached.

        (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: ROBERT LACOUR | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MARSHALLS OF CA, LLC, et al | RG20083534 |

5.   c. ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

     (1) on *(date)*:                (2) from *(city)*:

     (3) ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*) (Code Civ. Proc., § 415.30.)*

     (4) ☐   to an address outside California with return receipt requested. *(Code Civ. Proc., § 415.40.)*

   d. ☐   **by other means** *(specify means of service and authorizing code section)*:

     ☐   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐   as an individual defendant.
   b. ☐   as the person sued under the fictitious name of *(specify)*:
   c. ☐   as occupant.
   d. ☑   On behalf of *(specify)*:   MARSHALLS OF CA, LLC, a Virginia limited liability corporation
     under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☑ other: LLC |

7.   **Person who served papers**
   a.   Name: George Todd
   b.   Address: 645 W. 9th Street, #110-302, Los Angeles, CA 90015
   c.   Telephone number: 213-308-1759
   d.   The fee for service was: $ 25.40
   e.   I am:
     (1) ☐   not a registered California process server.
     (2) ☐   exempt from registration under Business and Professions Code section 22350(b).
     (3) ☑   a registered California process server:
        (i) ☐ owner   ☐ employee   ☑ independent contractor.
        (ii) Registration No.: 2016159739
        (iii) County: Los Angeles

8.   ☑   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     or
9.   ☐   I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 12/31/2020

George Todd                      ▶ _____
_(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)_           (SIGNATURE )

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Shaun setareh (SBN 204514) David Keledjian (SBN 309135)<br>Setareh Law Group<br>9665 Wilshire Blvd., Suite 430<br>Beverly Hills, CA 90212<br>    TELEPHONE NO.: 310-888-7771     FAX NO. *(Optional):* 310-888-0109<br>E-MAIL ADDRESS *(Optional):*<br>    ATTORNEY FOR *(Name):* Plaintiff: ROBERT LACOUR | **FILED BY FAX**<br>ALAMEDA COUNTY<br><br>January 05, 2021<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Nicole Hall, Deputy |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>   STREET ADDRESS:    1225 Fallon Street<br>   MAILING ADDRESS:<br>   CITY AND ZIP CODE:    Oakland, CA 94612<br>   BRANCH NAME:    Rene C. Davidson Courthouse | CASE NUMBER:<br>**RG20083534** |
| PLAINTIFF/PETITIONER: ROBERT LACOUR<br><br>DEFENDANT/RESPONDENT: MARSHALLS OF CA, LLC, et al | CASE NUMBER:<br><br>RG20083534 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
   MARSHALLS OF MA, INC., a Massachusetts corporation

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Daisy Montenegro, Authorized To Accept Service Of Process

4. Address where the party was served:
   C.T. Corporation Systems, 818 W. 7th Street, #930. Los Angeles, CA 90017
5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on *(date):* 12/31/2020     (2) at *(time):* 11:45am
   b. [ ] **by substituted service.** On *(date):*     at *(time):*     I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

       (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

       (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

       (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

       (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*     from *(city):*     **or** [ ] a declaration of mailing is attached.

       (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]
**PROOF OF SERVICE OF SUMMONS**
Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: ROBERT LACOUR | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MARSHALLS OF CA, LLC, et al | RG20083534 |

5.   c. ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

     (1) on *(date):*      (2) from *(city):*

     (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

     (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐   **by other means** *(specify means of service and authorizing code section):*

     ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐   as an individual defendant.
  b. ☐   as the person sued under the fictitious name of *(specify):*
  c. ☐   as occupant.
  d. ☑   On behalf of *(specify):*   MARSHALLS OF MA, INC., a Massachusetts corporation
     under the following Code of Civil Procedure section:

|  |  |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
|  | ☐ other: LLC |

7. Person who served papers
  a. Name: George Todd
  b. Address: 645 W. 9th Street, #110-302, Los Angeles, CA 90015
  c. Telephone number: 213-308-1759
  d. The fee for service was: $ 25.40
  e. I am:
     (1) ☐ not a registered California process server.
     (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
     (3) ☑ a registered California process server:
       (i) ☐ owner ☐ employee ☑ independent contractor.
       (ii) Registration No.: 2016159739
       (iii) County: Los Angeles

8. ☑   **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     or

9. ☐   **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 12/31/2020

George Todd
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)      ▶      (SIGNATURE )

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Shaun setareh (SBN 204514) David Keledjian (SBN 309135)<br>Setareh Law Group<br>9665 Wilshire Blvd., Suite 430<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: 310-888-7771          FAX NO. *(Optional):* 310-888-0109<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff: ROBERT LACOUR | **FILED BY FAX**<br>ALAMEDA COUNTY<br><br>January 05, 2021<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Nicole Hall, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS:   1225 Fallon Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:   Oakland, CA 94612<br>BRANCH NAME:   Rene C. Davidson Courthouse | CASE NUMBER:<br>**RG20083534** |

| | |
|---|---|
| PLAINTIFF/PETITIONER: ROBERT LACOUR<br><br>DEFENDANT/RESPONDENT: MARSHALLS OF CA, LLC, et al | CASE NUMBER:<br><br>RG20083534 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  [✓]  summons
    b.  [✓]  complaint
    c.  [ ]  Alternative Dispute Resolution (ADR) package
    d.  [✓]  Civil Case Cover Sheet *(served in complex cases only)*
    e.  [ ]  cross-complaint
    f.  [ ]  other *(specify documents):*

3.  a.  Party served *(specify name of party as shown on documents served):*
        THE TJX COMPANIES, INC., a Delaware corporation

    b.  [✓]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
        under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
        Daisy Montenegro, Authorized To Accept Service Of Process

4.  Address where the party was served:
    C.T. Corporation Systems, 818 W. 7th Street, #930, Los Angeles, CA 90017
5.  I served the party *(check proper box)*
    a.  [✓]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
            receive service of process for the party  (1) on *(date):* 12/31/2020          (2) at *(time):* 11:45am
    b.  [ ]  **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or
            in the presence of *(name and title or relationship to person indicated in item 3):*

        (1)  [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
                of the person to be served. I informed him or her of the general nature of the papers.

        (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
                place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
                address of the person to be served, other than a United States Postal Service post office box. I informed
                him or her of the general nature of the papers.

        (4)  [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
                at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
                *(date):*          from *(city):*          or  [ ]  a declaration of mailing is attached.

        (5)  [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: ROBERT LACOUR | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MARSHALLS OF CA, LLC, et al | RG20083534 |

5.   c. ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

      (1) on *(date)*:            (2) from *(city)*:

      (3) ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

      (4) ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐   **by other means** *(specify means of service and authorizing code section)*:

     ☐   Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐   as an individual defendant.
   b. ☐   as the person sued under the fictitious name of *(specify)*:
   c. ☐   as occupant.
   d. ☑   On behalf of *(specify)*: THE TJX COMPANIES, INC., a Delaware corporation
      under the following Code of Civil Procedure section:

         ☑ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
         ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)
         ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
         ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
         ☐ 416.50 (public entity)             ☐ 415.46 (occupant)
                                           ☐ other: LLC

7. **Person who served papers**
   a. Name: George Todd
   b. Address: 645 W. 9th Street, #110-302, Los Angeles, CA 90015
   c. Telephone number: 213-308-1759
   d. The fee for service was: $ 25.40
   e. I am:
      (1) ☐   not a registered California process server.
      (2) ☐   exempt from registration under Business and Professions Code section 22350(b).
      (3) ☑   a registered California process server:
         (i) ☐ owner ☐ employee ☑ independent contractor.
         (ii) Registration No.: 2016159739
         (iii) County: Los Angeles

8. ☑   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     or

9. ☐   I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 12/31/2020

George Todd                              ▶
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                (SIGNATURE )

┌ Setareh Law Group                    ┐     ┌                                        ┐
  Attn: Setareh, Shaun
  9665 Wilshire Blvd.
  Suite 430
└ Beverly Hills, CA   90212            ┘     └                                        ┘

## Superior Court of California, County of Alameda

| Lacour | No. RG20083534 |
|---|---|
| **Plaintiff/Petitioner(s)** | **NOTICE OF CASE MANAGEMENT** |
| VS. | **CONFERENCE AND ORDER** |
| Marshalls of CA, LLC | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:
Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: 05/06/2021<br>Time: 03:00 PM | Department: 514<br>Location: Hayward Hall of Justice<br>2nd Floor<br>24405 Amador Street, Hayward CA 94544<br><br>Internet: **www.alameda.courts.ca.gov** | Judge: **Delbert C. Gee**<br>Clerk: **Cynthia Trinidad**<br>Clerk telephone: **(510) 690-2723**<br>E-mail:<br>**Dept514@alameda.courts.ca.gov**<br>Fax: **(510) 267-1584** |

### ORDERS

1. **Plaintiff** must:

    a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

    b. **Give notice** of this conference to all other parties and file proof of service.

2. **Defendant must** respond as stated on the summons.

3. **All parties who have appeared before the date of the conference** must:

    a. **Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

    b. **File and serve** a completed *Case Management Statement* on Form CM-110 at least **15** days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

    c. **Post jury fees** as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone. Contact CourtCall, an independent vendor, at least three business days before the scheduled conference. Call 1-888-882-6878, or fax a service request to (888) 882-2946. The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery. Submit them directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to *www.alameda.courts.ca.gov/ff.*

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc.*

---

Form Approved for Mandatory Use          NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER          Page 1 of 2
Superior Court of California, County
of Alameda
ALA CIV-100 [Rev. 07-01-2015]

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 12/29/2020.

By _____

Deputy Clerk

## *Superior Court of California, County of Alameda*



## *Notice of Assignment of Judge for All Purposes*

Case Number: RG20083534
Case Title:      Lacour VS Marshalls of CA, LLC
Date of Filing: 12/22/2020

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Delbert C. Gee** |
| **Department:** | **514** |
| **Address:** | **Hayward Hall of Justice** |
| | **24405 Amador Street** |
| | **Hayward CA 94544** |
| **Phone Number:** | **(510) 690-2723** |
| **Fax Number:** | **(510) 267-1584** |
| **Email Address:** | **Dept514@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law. (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

## General Procedures

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Delbert C. Gee
DEPARTMENT 514

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's website also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Chambers copies of all papers filed in connection with any hearing (motion, ex parte application) shall be delivered to Dept. 514 on the date of filing. For discovery motions, the court requires compliance with Local Rule 3.31 before a reservation number will be provided. (See below).

Appearances by attorneys not counsel of record are not permitted except for good cause shown. Any appearing counsel must have full authority to make decisions on a case. All references to counsel apply equally to self-represented parties and must comply the rules cited in this Notice. Hearings and calendar events are scheduled by EMAIL ONLY to Dept. 514. Except for scheduling matters, all emails to the Court must include all other parties (or their counsel, if represented) and must show that all other parties have been copied. All parties are required to include available email addresses in the caption of all filed papers, as required by California Rules of Court 2.111(1).

## Schedule for Department 514

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Fridays at 9:00 a.m. for Jury and Court Trials. Trial Readiness Conferences are held 2 weeks prior to the trial date. Compliance with Local Rule 3.35 and personal appearance of trial counsel is required.

- Case Management Conferences are held: Tuesday -Thursday at 8:30 a.m. (ICMC) and Monday-Thursday at 8:30 a.m. (CMCC) Timely-filed and complete CMC statements are required. Tentative rulings for case management conferences are available in the register of actions.

- Law and Motion matters are heard: Tuesdays at 2:30 p.m. and Fridays at 1:30 p.m. Email Dept. 514 for reservations. Chambers copies of all papers shall be delivered to Dept. 514 on the date of filing.

- Settlement Conferences are heard: Counsel are encouraged to consider alternative dispute resolution. Settlement Conferences may be specially set on a case-specific basis.

- Ex Parte matters are heard: Monday, Wedneday,Thursday at 2:30 p.m. Chambers copies of all papers shall be delivered to Dept. 514 on the date of filing. The applicant must provide CRC 3.1203(a) notice to all parties.

- For L&M Email: Dept514@alameda.courts.ca.gov. Include case name & number, title of motion and identity of moving party and affirmation that the parties have met and conferred on agreeable dates before requesting a hearing date. No Discovery motion may be filed until an informal discovery conference ("IDC") has been held or denied by the court, as set forth in Local Rule 3.31. Email Dept. 514 to schedule an IDC and submit declarations in conformity with Rule 3.31. When requesting a hearing date for a discovery motion, include information about the IDC, including the date the hearing was held or denied.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
    Email:    Dept514@alameda.courts.ca.gov

- Ex Parte Matters
    Email:    Dept514@alameda.courts.ca.gov

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 514

- Phone: 1-866-223-2244

Dated: 12/28/2020

_____ Facsimile

Presiding Judge,
Superior Court of California, County of Alameda

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 12/29/2020

By _____

Deputy Clerk

# EXHIBIT C

1　AMY TODD-GHER, Bar No. 208581
　　ATodd-Gher@littler.com
2　DENISE TRAN-NGUYEN, Bar No. 286672
　　dtrannguyen@littler.com
3　LITTLER MENDELSON, P.C.
　　501 W. Broadway, Suite 900
4　San Diego, CA 92101.3577
　　Telephone:　619.232.0441
5　Fax No.:　619.232.4302

6　Attorneys for Defendants
　　MARSHALLS OF CA, LLC, MARSHALLS OF
7　MA, INC. AND THE TJX COMPANIES, INC.

8

9　　　　　　　　SUPERIOR COURT OF CALIFORNIA

10　　　　　　　　　　COUNTY OF ALAMEDA

11　ROBERT LACOUR, an individual,　　　　Case No.  RG20083534

12　　　　　　Plaintiff,　　　　　　　ASSIGNED FOR ALL PURPOSES TO JUDGE
　　　　　　　　　　　　　　　　　　　DELBERT C. GEE/ DEPT. 514
13　　　　v.
　　　　　　　　　　　　　　　　　　　**DEFENDANTS' ANSWER TO**
14　MARSHALLS OF CA, LLC, a Virginia　　**PLAINTIFF'S COMPLAINT**
　　limited liability corporation;
15　MARSHALLS OF MA, INC., a　　　　　Dept.　514
　　Massachusetts corporation; THE TJX　　Judge:  Delbert C. Gee
16　COMPANIES, INC., a Delaware
　　corporation; and DOES 1 through 50,
17　inclusive,　　　　　　　　　　　　Complaint filed:  December 22, 2020

18　　　　　　Defendant.

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants MARSHALLS OF CA, LLC, MARSHALLS OF MA, INC., and THE TJX COMPANIES, INC. ("Defendants") hereby answer the unverified Complaint ("Complaint") filed by Plaintiff ROBERT LACOUR ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to the provisions of the California Code of Civil Procedure section 431.30(d), Defendants deny generally and specifically each and every allegation contained in the Complaint. In addition, Defendants deny that Plaintiff have sustained, or will sustain, any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of Defendants. Defendants further asserts the following separate and distinct defenses:

## AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as separate and affirmative and other defenses Defendants allege the following defenses. In asserting these defenses, Defendants do not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.     As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each and every cause of action and/or claim for relief alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction – Binding Arbitration)

2.     As a separate and distinct affirmative defense, Defendants allege that the Court lacks subject matter jurisdiction over Plaintiff's Complaint and each purported cause of action therein as Plaintiff is subject to an agreement requiring that he submit his claims against Defendants to binding arbitration. Defendants, by answering the Complaint, do not waive their right to demand arbitration.

## THIRD AFFIRMATIVE DEFENSE
### (Arbitration – Complaint Barred)

3.     As a separate and distinct affirmative defense, Defendants allege the Complaint and

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

2.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

every alleged cause of action therein is barred on grounds that there exists a written agreement between Plaintiff, on the one hand, and Defendants on the other, to submit any and all employment-related claims to final and binding arbitration and that each and every cause of action alleged in the Complaint is subject to final and binding arbitration in accordance with the terms of said written agreement.

## FOURTH AFFIRMATIVE DEFENSE

### (Arbitration – Contractual Duty)

4.      As a separate and distinct affirmative defense, Defendants allege that Plaintiff failed to comply with his contractual duty to submit his claims to arbitration, and as such, his claims should be stayed and/or dismissed in their entirety.

## FIFTH AFFIRMATIVE DEFENSE

### (Preemption)

5.      As a separate and distinct affirmative defense, Defendants allege the Complaint cannot be filed and litigated in court or before a jury on grounds that all claims pled in the Complaint are covered by an applicable arbitration agreement between the Parties governed by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. ("FAA"), and that the FAA preempts state law that treats arbitration agreements on unequal footing as other contracts and discriminates against arbitration.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

6.      As a separate and distinct affirmative defense, Defendants allege that each purported cause of action set forth in the Complaint is barred in whole or in part by the applicable statute(s) of limitation, including but not limited to, the limitations periods contained in California Government Code section 12960(d) and California Code of Civil Procedure §§ 335.1, 340(a), and 340(b).

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Laches, Unclean Hands)

7.      As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action therein are barred, in whole or in part, by the doctrine of waiver, estoppel, laches, and/or unclean hands.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

3.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

### EIGHTH AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory Basis for Employment Decision)

8.      As a separate and distinct affirmative defense, Defendants allege that Plaintiff's Complaint and each purported cause of action therein, or some of them, are barred because all acts or omissions allegedly attributed to Defendants represented the just and proper exercise of Defendants' managerial discretion and were undertaken for non-discriminatory, non-retaliatory, honest reasons, regulated by good faith and probable cause under the circumstances at the time of such acts or omissions.

### NINTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

9.      As a separate and distinct affirmative defense, Defendants allege any damages that would otherwise be recoverable by Plaintiff (while denying that any such damages exist) should be limited by virtue of the doctrine of avoidable consequences as set forth in *State Department of Health Services v. Superior Court* (2003) 31 Cal. 4th 1026, 1043, because: (a) Defendants exercised reasonable care to prevent and correct promptly any unlawful behavior; and (b) Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants to employees to "otherwise avoid harm" as that expression is used in *Burlington Northern Industries, Inc. v. Ellerth* (1998) 524 U.S. 742 and *Faragher v. City of Boca Raton* (1998) 524 U.S. 775; and (c) Plaintiff's reasonable use of Defendants' policies and procedures would have prevented all or some of the purported harm of which Plaintiff now complains.

### TENTH AFFIRMATIVE DEFENSE

### (Good Faith Conduct)

10.      As a separate and distinct affirmative defense, Defendants allege that Plaintiff's Complaint, and each cause of action alleged therein, are barred, in whole or in part, because Defendants acted reasonably and in good faith, at all times, without discrimination based upon all relevant facts and circumstances known by Defendants at the time they acted.

/ / /

/ / /

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

4.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

### ELEVENTH AFFIRMATIVE DEFENSE

**(After Acquired Evidence)**

11.     As a separate and distinct affirmative defense, Defendants allege that, to the extent that during the course of this litigation they acquire any evidence of additional wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claims on liability or damages or shall reduce such claims as provided by law.

### TWELFTH AFFIRMATIVE DEFENSE

**(Failure to Exhaust Internal Remedies)**

12.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by Plaintiff's failure to exhaust appropriate internal remedies.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies)**

13.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein are barred in whole or in part to the extent that Plaintiff failed to exhaust his administrative remedies.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Outside Scope of Administrative Exhaustion)**

14.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein are barred, in whole or in part, because the causes of action asserted in the Complaint exceed the scope of any Charges filed with the California Department of Fair Employment and Housing ("DFEH") and/or the Equal Employment Opportunity Commission ("EEOC").

### FIFTEENTH AFFIRMATIVE DEFENSE

**(Mixed Motive)**

15.     As a separate and distinct affirmative defense, Defendants allege that, without

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

5.

admitting any unlawful or wrongful acts took place, if any unlawful, harassing, or discriminatory motive existed in connection with any employment decision involving Plaintiff, which Defendants deny, Plaintiff's claims are barred because such employment decision would have been the same even without any such unlawful, harassing, or discriminatory motive.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Third-Party Conduct)

16.    As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein, or some of them, cannot be maintained against Defendants because the alleged losses or harms sustained by Plaintiff, if any, resulted from causes other than any act or omission of Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Breach of Duty)

17.    As a separate and distinct affirmative defense, Defendants allege that the claims of Plaintiff are barred by his own breach of duties owed under California Labor Code sections 2854, 2856-2869.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Consent and/or Voluntary Participation in Conduct)

18.    As a separate and distinct affirmative defense, Defendants allege that some or all of the causes of action in the Complaint cannot be maintained because Plaintiff initiated, welcomed, consented to and/or voluntarily participated in all or some of the acts alleged or conduct similar thereto.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Knowledge)

19.    As a separate and distinct affirmative defense, Defendants allege that they did not have reason to know, and could not have known, of the harassing and/or discriminatory conduct alleged by Plaintiff in the Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

20.    As a separate and distinct affirmative defense, Defendants allege that Plaintiff's

6.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Complaint and each purported Cause of Action set forth therein, or some of them, are barred because Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants.  This defense is being asserted as a matter of right.  Defendants believe discovery will establish facts to support this assertion.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Plaintiff's Own Misconduct)

21.    As a separate and distinct affirmative defense, Defendants allege that the loss incurred by Plaintiff, if any, is attributable to the acts and omissions of Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Ratification/Authorization)

22.    As a separate and distinct affirmative defense, Defendants allege that Plaintiff's Complaint, and each and every cause of action therein, is barred to the extent any purportedly unlawful or other wrongful acts of any person employed by it were outside the scope of that employee's authority, that such acts, if any, were not authorized, ratified, or condoned by Defendants, and that Defendants did not know or have reason to be aware of such alleged conduct.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (At-Will Employment)

23.    As a separate and distinct affirmative defense, Defendants allege that Plaintiff's employment was terminable at the will of either Plaintiff or Defendants, with or without notice and with or without cause pursuant to California Labor Code section 2922.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

24.    As a separate and distinct affirmative defense, Defendants allege that Plaintiff failed to mitigate any damages which may have been suffered, and as a result of such failure to mitigate, any damages awarded must be reduced accordingly.

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

7.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Offset)**

25.     As a separate and distinct affirmative defense, Defendants allege that any recovery to which Plaintiff might otherwise be entitled must be offset by any disability or unemployment benefits and/or other monies and/or benefits Plaintiff has received or will receive.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Privileged/Justified Conduct)**

26.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein cannot be maintained because, without admitting that they engaged in any of the acts alleged, Defendants allege that any conduct and/or statements attributed to them by Plaintiff were justified, made in good faith, for legitimate non-discriminatory reasons, and/or were privileged pursuant to California law including, but limited to, California Civil Code section 47.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

**(No Extreme or Outrageous Conduct)**

27.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff cannot state a claim for intentional infliction of emotional distress because Defendants' conduct was not extreme and outrageous.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

**(Alleged Emotional Distress Not Attributed to Defendants)**

28.     As a separate and distinct affirmative defense, Defendants allege that if any emotional and/or mental distress was in fact suffered by Plaintiff, which Defendants deny, it was proximately caused by factors other than any act and/or omission of Defendants or anyone acting on Defendants' behalf.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

**(Unavailability of Equitable Relief)**

29.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each claim for relief therein, or some of them, are barred to the extent that Plaintiff seeks to recover equitable relief as Plaintiff is not entitled to such relief because he has an adequate remedy at law.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

8.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

### THIRTIETH AFFIRMATIVE DEFENSE

#### (Business & Professions Code § 17200 *et seq.* – Compliance With Obligations)

30.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims are barred in whole or in part because compliance with all applicable laws, statutes, and regulations affords Defendants a safe harbor to any claim under California Business & Professions Code § 17200 *et seq.*

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (Business & Professions Code § 17200 *et seq.* – No Injury)

31.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff's Complaint, and each allegation set forth therein, or some of them, are barred because Plaintiff lacks standing to sue under California Business & Professions Code Section 17200 as he has not suffered any injury in fact or lost money or property as a result of any allegedly unlawful business practice of Defendants.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Business & Professions Code § 17200 *et seq.* – No Damages)

32.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims for restitution pursuant to California Business & Professions Code § 17200 *et seq.* are barred to the extent they constitute claims for damages.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (Claims Barred Where Violations Have Discontinued)

33.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims for recovery in the form of restitution, disgorgement, or injunctive relief under California Business and Professions Code section 17200 *et seq.*, are barred with respect to any alleged violations that have been discontinued, ceased, or not likely to recur.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### (No Cognizable Damage Or Harm/No Violation of Public Policy)

34.     As a separate and distinct defense, Defendants allege, without admitting that Defendants engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that the wrongful

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

9.

termination in violation of public policy claims is barred, in whole or in part, because Plaintiff's employment was not terminated in violation of any fundamental, well-established public policy embodied in law or statute.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

35.     As a separate and distinct affirmative defense, Defendants allege that the Complaint and each and every cause of action therein, or some of them, are preempted and barred, in whole or in part, by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code section 3200, *et seq.*, inasmuch as they involve an employer-employee relationship subject to workers' compensation coverage, conduct of Plaintiff in the course and scope of his employment, and an injury alleged by Plaintiff to have been proximately caused by his employment and, therefore, the Court lacks subject matter jurisdiction over such claims.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (No Injury)

36.     As a separate and distinct defense to the Complaint, Defendants allege, that the Complaint, and each cause of action set forth therein, or some of them, is barred because Plaintiff lacks standing to sue under California Business and Professions Code section 17200 *et seq*. as he has not suffered any injury in fact or lost money or property as a result of any allegedly unlawful business practice of Defendants.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to State A Claim for Punitive Damages)

37.     As a separate and distinct affirmative defense, Defendants allege that the Complaint fails to state facts sufficient to constitute any claim for punitive damages under California Code Section 3294, or any other statutory or common-law provision.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

38.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff is not entitled to recover punitive damages because the imposition of such damages violates the United States

10.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

and California Constitutions, in that: (1) such damages are so punitive in purpose and effect as to constitute a criminal penalty, entitling Defendants to right to be to defendants in criminal proceedings under the United States and California Constitutions; (2) the imposition of such damages would violate Defendants' right to due process and/or equal protection under the law, under the United States and California Constitutions; and/or (3) the California punitive damages statute is unconstitutional in that it imposes an undue burden on interstate commerce.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Bona Fide Policy)

39.     As a separate and distinct affirmative defense, Defendants allege that they had implemented and at all relevant times maintained a bona fide policy against unlawful discrimination which was posted and/or made reasonably available to all employees and, therefore, it is not vicariously liable for punitive damages based on the alleged misconduct of its employees and managers, if any.

## ADDITIONAL DEFENSES

Defendants respectively reserve the right to amend this Answer should they later discover facts demonstrating the existence of new and/or additional affirmative defenses, and/or should a change in the inclusion of new and/or additional affirmative defenses

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment from this Court as follows:

1.     That Plaintiff take nothing by this action;

2.     That the Complaint be dismissed with prejudice and that judgment be entered against Plaintiff and in favor of Defendants on each of Plaintiff's causes of action;

3.     That Plaintiff be ordered to pay Defendants' costs and attorneys' fees, including, but not limited to, costs and attorneys' fees provided under California Labor Code section 218.5; and

/ / /

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

11.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

4.      Such other and further relief as the Court deems appropriate and proper.

Dated:  January 28, 2021

AMY TODD-GHER
DENISE TRAN-NGUYEN
LITTLER MENDELSON, P.C.
Attorneys for Defendants
MARSHALLS OF CA, LLC, MARSHALLS
OF MA, INC. AND THE TJX COMPANIES,
INC.

4811-8793-6984.1 053070.1312

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

12.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

**POS-040**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Amy Todd-Gher, SBN 208581; Denise Tran-Nguyen, SBN 286672
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101-3577

TELEPHONE NO.: (619) 232-0441    FAX NO. *(Optional):* (619) 232-4302
E-MAIL ADDRESS *(Optional):* atodd-gher@littler.com; blmccarthy@littler.com
ATTORNEY FOR *(Name):* Defendants MARSHALL OF CA, LLC, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA  94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: ROBERT LACOUR

DEFENDANT/RESPONDENT: MARSHALLS OF CA, LLC, et al.

| | CASE NUMBER: |
|---|---|
| **PROOF OF SERVICE—CIVIL** | RG20083534 |

**Check method of service** *(only one):*

| ☐ By Personal Service | ☐ By Mail | ☐ By Overnight Delivery |
|---|---|---|
| ☐ By Messenger Service | ☐ By Fax | ☒ By Electronic Service |

JUDGE: Hon. Delbert C. Gee

DEPT.: 514

*(Do not use this proof of service to show service of a Summons and complaint.)*

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is:
   501 W. Broadway, Suite 900, San Diego, CA  92101-3577.

3. ☒ The fax number or electronic service address from which I served the documents is *(complete if service was by fax or electronic service):* mruvalcaba@littler.com

4. On *(date):* January 28, 2021        I served the following **documents** *(specify):*

   **SEE ATTACHED POS-040(D)**

   ☒ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served: **Shaun Setareh, Esq., Thomas Segal, Esq., Farrah Grant, Esq.**
   b. ☐ *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served:
      **SEE ATTACHED POS-040(P)**

   c. ☒ *(Complete if service was by fax or electronic service.)*
      (1) Fax number or electronic service address where person was served:
      shaun@setarehlaw.com; thomas@setarehlaw.com; farrah@setarehlaw.com; calendar@setarehlaw.com

      (2) Time of service:

   ☒ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):* **E-MAIL**
   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

**Page 1 of 4**

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-040 [Rev. July 1, 2011] | **PROOF OF SERVICE—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure., §§ 1010.6, 1011, 1013, 1013a,<br>2015.5; Cal. Rules of Court, rules 2.260, 2.306<br>*www.courts.ca.gov* |
|---|---|---|



American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040

| CASE NAME | CASE NUMBER: |
|---|---|
| ROBERT LACOUR v. MARSHALLS OF CA, LLC, et al. | RG20083534 |

6. b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

    (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):*

c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☒ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in item 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 28, 2021

Maria Ruvalcaba
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

**DECLARATION OF MESSENGER**

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

Page 2 of 4

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040(D)

| SHORT TITLE: ROBERT LACOUR v. MARSHALLS OF CA, LLC, et al. | CASE NUMBER: RG20083534 |
| --- | --- |

**ATTACHMENT TO PROOF OF SERVICE— CIVIL (DOCUMENTS SERVED)**
*(This Attachment is for use with form POS-040)*

The documents that were served are as follows *(describe each document specifically):*

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Form Approved for Optional Use
Judicial Council of California
POS-040(D) [New January 1, 2005]

**ATTACHMENT TO PROOF OF SERVICE—CIVIL (DOCUMENTS SERVED**
(Proof of Service)

Page 3 of 4

American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040(P)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ROBERT LACOUR v. MARSHALLS OF CA, LLC, et al. | RG20083534 |

## ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)

*(This attachment is for use with form POS-040.)*

**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| **Name of Person Served** | **Where Served** | **Time of Service** |
|---|---|---|
| *(If the person served is an attorney, the party or parties represented should also be stated.)* | *(Provide business or residential address where service was made by personal service, mail, overnight delivery, or messenger service. For other means of service, provide fax number or electronic service address, as applicable.)* | *(Complete for service by fax transmission or electronic service.)* |
| Shaun Setareh, Esq.<br>Thomas Segal, Esq.<br>Farrah Grant, Esq.<br><u>Attorneys for Plaintiff</u><br>*ROBERT LACOUR* | SETAREH LAW GROUP<br>9665 Wilshire Blvd., Suite 430<br>Beverly Hills, CA  90212<br>Telephone:  310.888.7771<br>Facsimile:   310.888.0109<br>shaun@setarehlaw.com<br>thomas@setarehlaw.com<br>farrah@setarehlaw.com<br>calendar@setarehlaw.com | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | |

Form Approved for Optional Use
Judicial Council of California
POS-040(P) [Rev. July 1, 2011]

**ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)**
**(Proof of Service)**

Page 4 of 4

*www.courts.ca.gov*

4850-3392-1496.1 053070.1312

